UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DONALD RAY VICKS                                    CIVIL ACTION

VERSUS                                              NO: 13-4773

ROBERT TANNER, ET AL.                               SECTION: R

## ORDER AND REASONS

Plaintiff, Donald Ray Vicks, appeals the Magistrate Judge's order denying his motion to appoint counsel.[1] For the following reasons, plaintiff's motion is DENIED.

I.  BACKGROUND

Vicks brings this claim under 42 U.S.C. § 1983, and alleges that defendants, the Warden, Deputy Warden, and Assistant Warden of Rayburn Correctional Center, have violated his constitutional rights by depriving him of his ability to exercise while in prison.[2] Vicks alleges his cell is too small for exercise and that he is restrained during outdoor exercise periods.[3] Vicks has HIV and alleges that his inability to exercise causes him serious injuries.[4]

---

[1] R. Docs. 6, 7.

[2] R. Doc. 1 at 18.

[3] R. Doc. 1.

[4] R. Doc. 4-2 at 1.

Plaintiff filed a motion for appointment of counsel.[5] The Magistrate Judge denied plaintiff's motion because plaintiff's claims were not "factually or legally complex," and would not require "extensive discovery or investigation."[6] Further, the Magistrate Judge found that trial would not "require skills beyond plaintiff's capabilities."[7] Plaintiff appeals the Magistrate Judge's Order.[8]

## II. STANDARD

If a party is dissatisfied with a Magistrate Judge's ruling, it may appeal to the District Judge, who may reconsider the ruling and reverse it where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens,* 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

---

[5] R. Doc. 4.

[6] R. Doc. 6.

[7] R. Doc. 6.

[8] R. Doc. 7.

**III. THE MAGISTRATE JUDGE'S DECISION WAS NOT CLEARLY ERRONEOUS**

There is no general right to counsel in civil rights actions. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)). A district court should not appoint counsel simply because appointment of counsel would be beneficial. *See Saulsberry v. Edwards*, No. 07-5395, 2007 WL 4365394 at *2 (E.D. La. Dec. 11, 2007) (citing *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)). Instead, a district court should appoint counsel only if exceptional circumstances exist. *See, e.g.*, *McFaul*, 684 F.3d at 86 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Norton*, 122 F.3d at 293).

District courts consider four factors when deciding whether exceptional circumstances exist in a particular case:

> (1) the type and complexity of the case; (2) whether [plaintiff] is capable of adequately presenting [his] case; (3) whether [plaintiff] is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Gilbert v. French*, 364 F. App'x 76, 84 (5th Cir. 2010) (second alteration in original) (quoting *Ulmer*, 691 F.2d at 213). Considering the four *Ulmer* factors, the Magistrate Judge's Order was neither clearly erroneous nor contrary to law.

### A.     Type and Complexity of the Case

While a prisoner's HIV may create a complex issue in some circumstances, *see, e.g.*, *Moore v. Mabus*, 976 F.2d 268, 270, 272 (5th Cir. 1992) (directing district court to appoint counsel when claims involved systemic prison policies regarding HIV management and experts on HIV management were required), it does not automatically require appointment of counsel. *See Horn v. Vaughan*, 469 F. App'x 360, 363 (5th Cir. 2012) (holding that district court properly declined to appoint counsel and noting that "*Moore* does not mean that counsel must be appointed in every case where HIV is involved"). In *Horn*, a plaintiff was denied HIV medication for several months. *Horn*, 469 F. App'x at 361. Similarly, Vicks claims that defendants are depriving him of a type of HIV treatment, namely, exercise.[9] Unlike *Moore*, Vicks is not challenging complex "systemic prison policies regarding HIV management." *Id.* at 363. Accordingly, plaintiff's claims are neither factually nor legally complex.

### B.     Plaintiff's Ability To Adequately Present And Investigate His Case

Plaintiff has worked with fellow prisoners to file his pleadings, and he has access to prison inmate lawyers to aid him

---

[9] R. Doc. 4-2 at 1.

in presenting and investigating his case.[10] Further, a plaintiff's ability to timely file motions and his past ability to represent himself can be considered evidence of his ability to adequately present his case. *See Saulsberry*, 2007 WL 4365394, at *2 n.15 (citing *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990)). Here, plaintiff has timely filed his motions, and he has previously represented himself in a § 1983 case that went to trial. *See Vicks v. Griffin*, No. 07-5471, 2008 WL 553186 (E.D. La. Feb. 28, 2008). Therefore, plaintiff is capable of adequately presenting and investigating his case.

**C.   Skill in Presentation of Evidence and Cross Examination**

Although plaintiff claims that testimony will be in sharp conflict, a trial will not require skills beyond his capabilities.[11] Plaintiff has already tried a case without assistance of counsel.[12] Therefore, plaintiff has not shown that the presentation of evidence and cross examination will require skills beyond his capability.

---

[10] R. Doc. 4 at 1.

[11] R. Doc. 4-2 at 2.

[12] *See* Minute Entry, *Vicks*, No. 07-5471(E.D. La. Nov. 11, 2008).

Accordingly, the Magistrate Judge's ruling was not clearly erroneous, and plaintiff's motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Vicks's motion is DENIED.

New Orleans, Louisiana, this 12th day of July, 2013.

                *Sarah Vance*
         SARAH S. VANCE
   UNITED STATES DISTRICT JUDGE